STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-10-235
TDW – Cum – 7/22/2011

WELLS FARGO BANK, N.A.,

Plaintiff,

v.

PETER STACEY,

Defendant.

ORDER

STATE OF MAINE
Cumberland, ss, Clerk's Office

JUL 22 2011

RECEIVED

Pending before the court is the plaintiff's Motion for Summary Judgment filed pursuant to 14 M.R.S.A. § 6321, et seq. The defendant has failed to respond.[1] Regardless of whether defendant has filed an objection, this motion is subject to Rule 56(j), which imposes detailed requirements for granting summary judgment in foreclosure actions. M.R. Civ. P. 56(j).[2] The court has an independent obligation to ensure compliance with this rule. M.R. Civ. P 56(j) advisory committee's note to 2009 amendment.[3] The court must also determine if the mortgage holder has set forth in its

---

[1] In fact, the court attempted to send the defendant its notices at three different addresses. All were returned to the court.

[2] M.R. Civ. P. 56(j) states:

> No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.

[3] The Advisory Committee note states:

> This amendment to Rule 56 is designed to assure that, prior to entry of any summary judgment in a foreclosure action, the trial court reviews the record and determines that, as required by law, the notice and service requirements of law have been complied with and any available mediation has been completed or has been waived.

1

statement of material facts the minimum facts necessary for summary judgment in a residential mortgage foreclosure. Chase Home Finance LLC v. Higgins, 2009 ME 136, ¶ 11, 985 A.2d 508, 510-11. Summary judgment rules are applied strictly, and contain a qualitative requirement that the parties support assertions of material facts by record references to evidence that is of a quality that would be admissible at trial. HSBC Mortgage Servs., Inc. v. Murphy, 2011 ME 59, ¶ 9, 19 A.3d 815, --.

Having reviewed the file in light of the requirements of Rule 56(j), the court concludes that all those requirements have been met except for the requirement that the service and notice requirements of 14 M.R.S. § 6111 have been strictly complied with. The court agrees that 14 M.R.S. § 6111(5)(B), which was repealed on February 24, 2010, applies to this action.[4] However, that provision requires not only that the mortgage provide for notice of a right to cure but also requires that such a notice be given pursuant to the terms of the mortgage.[5] In this case the notice to cure is dated June 14, 2009, and the date by which Stacey was notified that he had to bring his debt current was July 14, 2009 – exactly 30 days later. Ex. D to Mathis Affidavit.

That notice would comply with § 22 of the mortgage, which requires that the deadline for curing the default must be at least 30 days from the date that notice is given, only if the notice was mailed on June 14. See Mortgage § 15 (notice "given" when mailed). Neither plaintiff's moving affidavit nor its statement of material fact

---

M.R. Civ. P 56(j), advisory committee's note.

[4] The notice of default and right to cure is dated June 14, 2009. (Pl.'s Ex. D.)

[5] 14 M.R.S. § 6111(5)(B) states that 14 M.R.S. § 6111 does not apply to:

> A mortgage that contains a requirement that a reinstatement notice, a notice of right to cure or an equivalent notice be given to the mortgagor at least 30 days prior to accelerating the maturity of the unpaid balance of the obligation or otherwise enforcing the mortgage against the mortgagor, if the mortgagee gives such a notice to the mortgagor and to any cosigner against whom the mortgagee seeks to enforce the obligation secured by the mortgage . . . .

establishes that notice was mailed on June 14, 2009 and therefore plaintiff has not demonstrated that the notice requirements of § 6111 have been strictly performed.

The entry shall be:

Plaintiff's motion for summary judgment is denied without prejudice to renewal if plaintiff can demonstrate that the June 14, 2009 notice was mailed on that date. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Date: 7/22/11

Thomas D. Warren
Justice, Superior Court

3